[Cite as *State v. Lake Cty. Humane Society*, 2017-Ohio-7029.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, LAKE COUNTY HUMANE SOCIETY, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| | | **CASE NOS.** 2017-L-051 |
| - vs - | : | 2017-L-052 |
| | | 2017-L-053 |
| DAVID TAYLOR, | : | 2017-L-054 |
| | | 2017-L-055 |
| Defendant-Appellant. | : | 2017-L-056 |
| | | 2017-L-057 |
| | | 2017-L-058 |

Criminal Appeals from the Willoughby Municipal Court, Case Nos. 2016 CRB 03785B-I.

Judgment: Appeals dismissed.

*J. Jeffrey Holland*, Holland & Muirden, 1343 Sharon-Copley Road, P.O. Box 345, Sharon Center, OH 44274 (For Plaintiff-Appellee).

*Charles R. Grieshammer,* Lake County Public Defender, and *Vanessa R. Clapp,* Assistant Public Defender, 125 East Erie Street, Painesville, OH  44077 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1}   Appellant, David Taylor, by and through counsel, appeals from eight February 9, 2017 judgment entries of the Willoughby Municipal Court.

{¶2}   On September 28, 2016, the state of Ohio, Lake County Humane Society, filed nine complaints of cruelty to companion animals, former R.C. 959.131(C)(3), against appellant.  The cases were docketed as Nos. 16 CRB 03785A, B, C, D, E, F, G,

H, and I. Once appealed, this court consolidated the cases for all purposes. We find that eight of the nine appeals are not from final appealable orders.

{¶3} For the foregoing reasons, this court lacks jurisdiction to consider the appeals in 11th Dist. Nos. 2017-L-051, 2017-L-052, 2017-L-053, 2017-L-054, 2017-L-055, 2017-L-056, 2017-L-057, and 2017-L-058.

{¶4} Pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal from a criminal case if the appeal is from a "judgment or final order."

{¶5} "The Ohio Constitution grants courts of appeals jurisdiction 'to review and affirm, modify, or reverse judgments or final orders.'" *Smith v. Chen,* 142 Ohio St.3d 411, 2015-Ohio-1480, ¶ 8, quoting Ohio Constitution, Article IV, Section 3(B)(2). The legislature enacted R.C. 2505.02 to specify which orders are final. *Id.*

{¶6} R.C. 2505.02(B) defines a final appealable order, in part, as the following:

{¶7} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶8} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶9} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶10} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶11} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶12} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

2

**{¶13}** "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. * * *"

**{¶14}** In a criminal case, to constitute a final, appealable order under R.C. 2505.02, a judgment of conviction and sentence must satisfy the substantive provisions of Crim.R. 32(C) and include: (1) the fact of conviction; (2) the sentence; (3) the judge's signature; and (4) the time stamp indicating the entry upon the journal by the clerk. *State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus.

**{¶15}** In the present appeals, the lower court made a finding of guilt, followed by the judge's signature, but did not include a sentence. Since a judgment entry in a criminal case must include both the conviction and the sentence, the entries are incomplete, and this court lacks jurisdiction.

**{¶16}** Accordingly, the appeals are hereby, sua sponte, dismissed for lack of a final appealable order.

CYNTHIA WESTCOTT RICE, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part with a Concurring/Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part with a Concurring/Dissenting Opinion.

**{¶17}** The February 9, 2017 judgment entry appealed in related case Lake App. No. 2017-L-042, indicates appellant was found guilty of violating R.C. 959.131(C)(3). It

is signed by the trial court, and stamped by the clerk of the court. The trial court fined appellant $750, suspending $500, and sentenced him to 90 days in jail, 45 being suspended, and 45 deferred. The trial court further ordered that the matter be set for another hearing May 11, 2017, when, evidently, the deferred portion of the jail sentence was to be reviewed, along with the fine and costs.

{¶18} None of the judgment entries of the trial court in Lake App. Nos. 2017-L-051, 052, 053, 054, 055, 056, 057, and 058 (which appear to deal with different but similar issues as those in Lake App. No. 2017-L-042) are signed by the trial court. I concur with the majority that they are not final appealable orders.

{¶19} However, in the interest of judicial economy, it would be more efficient to remand these cases to the trial court for a period of 30 days during which the trial court could hold the hearing contemplated in the judgment entry subject of Lake App. No. 2017-L-042. The trial court could determine its intent, and then sign the remaining judgment entries subject of Lake App. Nos. 2017-L-051, 052, 053, 054, 055, 056, 057 and 058. Once these judgment entries are signed all of these cases can be consolidated with Lake App. No. 2017-L-042, which involves the same defendant and is currently pending before this court.