[Cite as *State v. Taylor*, 2018-Ohio-4729.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, LAKE COUNTY HUMANE SOCIETY, | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellee, | | **CASE NOS. 2018-L-011** |
| | : | **2018-L-012** |
| - vs - | | **2018-L-013** |
| | : | **2018-L-014** |
| DAVID TAYLOR, | | **2018-L-015** |
| | : | **2018-L-016** |
| Defendant-Appellant. | | **2018-L-017** |
| | : | **2018-L-018** |

Criminal Appeals from the Willoughby Municipal Court, Case Nos. 2016 CRB 03785B, 2016 CRB 03785C, 2016 CRB 03785D, 2016 CRB 03785E, 2016 CRB 03785F, 2016 CRB 03785G, 2016 CRB 03785H and 2016 CRB 03785I.

Judgment: Affirmed in part and affirmed as modified in part.

*J. Jeffrey Holland*, Holland & Muirden, 1343 Sharon-Copley Road, P.O. Box 345, Sharon Center, OH 44274 (For Plaintiff-Appellee).

*Charles R. Grieshammer*, Lake County Public Defender, and *Vanessa R. Clapp*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, David Taylor, appeals from the December 21, 2017 Judgment Entries of the Willoughby Municipal Court. The issue to be determined by this court is whether merger of nine separate counts of Cruelty to Companion Animals is warranted when the abuse related to multiple acts and three animals. For the following reasons, we affirm in part and affirm as modified in part the judgment of the lower court.

{¶2} On September 28, 2016, complaints were filed in Case Nos. 2016 CRB 03785A-F, charging Taylor with three counts of Cruelty to Companion Animals (Counts A-C), misdemeanors of the second degree, in violation of former R.C. 959.131(C)(3) and three counts of Cruelty to Companion Animals (Counts D-F), misdemeanors of the second degree, in violation of former R.C. 959.131(C)(2). Additional complaints were filed on October 5, 2016, in Case Nos. 2016 CRB 03785G-I, charging Taylor with three counts of Cruelty to Companion Animals, misdemeanors of the second degree, in violation of R.C. 959.131(D)(1).

{¶3} A bench trial was held on February 9, 2017. The following pertinent testimony was presented:

{¶4} Kasey Locotosh, a friend of Taylor's, observed his dogs in his yard on July 4, 2016. She testified that the yard where the dogs were kept had little room to run, no shelter other than under a trailer, and contained trash, with glass and nails on the ground.

{¶5} Leanne Pike, an agent for the Lake Humane Society, observed Taylor's three dogs, Ariel, Igor, and Emilia, in poor condition, chewing and scratching themselves, and saw that they were covered with flies and fleas. The yard where they were living was difficult to navigate, pieces of dog feces were scattered about and debris, broken glass, and nails were found on the ground. She testified that Igor had open scabs on his body and that his ears were bloody, scabbed, and "in terrible shape." Ariel's skin was in poor condition and the dogs were covered in flies. She saw signs of obvious neglect given the dogs' physical condition, filthy water, and lack of access to food. Pike had been informed that Taylor would forget to feed the dogs at times for two or three days.

{¶6} Dr. Alvin Brown, the shelter veterinarian for the Lake County Humane Society, treated Ariel and her two young dogs, Igor and Emilia, after they were removed from Taylor's property. He described all three dogs as "significantly underweight."

{¶7} Dr. Brown testified that all of the dogs had fleas, which caused them to scratch and chew at their skin. Ariel had a "very significant skin infection" and severe flea bite dermatitis, which caused "almost nonstop" scratching. The other dogs also had hair loss and sores consistent with scratching for a substantial period of time.

{¶8} He testified that all three dogs had ear mites, which they would have had for months. Ear mites would cause a dog to excessively shake his head, which would have been obvious to a "reasonable pet owner." The dogs also had "severe infestations" of whipworms, conditions they had for months, which result from coming into contact with stool while living in unhealthy or "filthy" conditions.

{¶9} Dr. Brown also explained that Igor had a condition called "fly strike," which caused his ears to become nicked, bloody, and scabbed and resulted from being covered in flies due to being housed improperly. He described this condition as "very uncomfortable," and believed that a reasonable owner would have been aware of these issues "for a long period of time."

{¶10} At the close of the State's case, merger was discussed and the State indicated it sought conviction on all nine counts but believed the three sets of counts (one set for each dog) under different statutory sections were allied offenses.

{¶11} Taylor testified that the dogs had fleas around July or August and he provided them with flea treatment. They continued to have problems so he treated the yard as well in the beginning of September. He gave the dogs shots and medication as needed and provided dewormer in July, although he did not take the dogs to the

3

veterinarian for any treatment. Taylor testified that he never abused or neglected the dogs.

{¶12} Following the trial, Taylor was found guilty of each of the nine counts. During the hearing portion of the sentencing, as to all offenses, the court ordered Taylor to serve a sentence of 90 days in jail, with 45 suspended and 45 deferred, and one year of probation. The parties did not address whether these were allied offenses and the court made no finding on this issue. The trial court granted Taylor's request for a stay of his sentence pending appeal. The sentence was memorialized in only one of the Judgment Entries. As such, upon appeal, this court issued a memorandum opinion dismissing all appeals except the one arising from 2016 CRB 03785A, in which this court ultimately found the conviction for cruelty against Igor to be supported by the evidence. *State v. Taylor*, 11th Dist. Lake Nos. 2017-L-051, et al., 2017-Ohio-7029; *State v. Taylor*, 11th Dist. Lake No. 2017-L-042, 2018-Ohio-697.

{¶13} The lower court issued Nunc Pro Tunc Judgment Entries in 2016 CRB 03785B-I on December 21, 2017, including the same sentences as ordered in 2016 CRB 03785A. Taylor appealed from each of these Entries and the appeals were consolidated for all purposes by this court in a January 30, 2018 Magistrate's Order.

{¶14} On appeal, Taylor raises the following assignment of error:

{¶15} "The trial court erred to the prejudice of the defendant-appellant when it failed to merge multiple counts of cruelty against companion animals, in violation of his rights against double jeopardy under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution."

{¶16} Ohio's multiple counts or allied offenses of similar import statute provides:

(A) Where the same conduct by defendant can be construed to

4

constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25.

{¶17} "In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph one of the syllabus. "[T]wo or more offenses may result in multiple convictions if any of the following are true: '(1) the offenses are dissimilar in import or significance – in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation.'" *State v. Jameson*, 11th Dist. Ashtabula No. 2014-A-0069, 2015-Ohio-4634, ¶ 11, citing *Ruff* at ¶ 25.

{¶18} Typically, a de novo standard of review is applied to a merger determination. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28. However, Taylor did not object to the trial court's failure to merge the counts in question at the time of sentencing. Regardless, the Supreme Court of Ohio has held that the "imposition of multiple sentences for allied offenses of similar import is

5

plain error." (Citation omitted.) *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31.

{¶19} Taylor concedes that it was appropriate to receive convictions and sentences for three counts, given that there were three victims. It has been repeatedly held that each companion animal is a separate victim for the purposes of merger. *State v. Helmbright*, 2013-Ohio-1143, 990 N.E.2d 154, ¶ 30-31 (10th Dist.) (citing case law from several districts in support of this conclusion). Taylor contends, however, that it was improper to convict him for nine total offenses under three different statutory sections, arguing that the acts arose from the same conduct "since the focus of the case was that Mr. Taylor was negligent in the daily care and medical treatment of the three bulldogs that were the subject of the complaint."

{¶20} Taylor was convicted for three sets of offenses against the three dogs. Counts A through C (one count for each dog) were charged under former R.C. 959.131(C)(3), which provided: "No person who confines or who is the custodian or caretaker of a companion animal shall negligently * * * [c]ommit any act of neglect by which unnecessary or unjustifiable pain or suffering is caused, permitted, or allowed to continue, when there is a reasonable remedy or relief, against the companion animal." Counts D through F (one count for each dog) were for violations of former R.C. 959.131(C)(2), which provided that a custodian of a companion animal shall not negligently "[o]mit any act of care by which unnecessary or unjustifiable pain or suffering is caused, permitted, or allowed to continue, when there is a reasonable remedy or relief, against the companion animal."

{¶21} Taylor was subsequently charged with Counts G through I (one count for each dog) under R.C. 959.131(D)(1), which provides: "No person who confines or who

6

is the custodian or caretaker of a companion animal shall negligently * * * [t]orture, torment, or commit an act of cruelty against the companion animal."

{¶22} While there is limited case law as to merger under the pertinent statute, former R.C. 959.131(C)(2) and (3), an examination of the conduct and offenses committed demonstrates that the court did not err in failing to merge Counts A through C with Counts D through F.

{¶23} We find it to be the case that the offenses were committed separately and, also that they caused separate, identifiable harms. As the State contends, regarding the issue of the offenses being committed separately, Taylor committed both acts of neglect which caused suffering and pain to the animals and committed the separate acts of omitting care which caused different harms as well as continuing pain for each of the three dogs. First, under R.C. 959.131(C)(3), Taylor committed the act of confining the dogs to a yard that was dangerous and hazardous. It not only provided them with little safe room to run or appropriate shelter from the elements, it was also dirty and filled with feces, which led to both the whipworms and the fly strike from which the dogs suffered. Taylor also committed the separate act of failing to seek any medical attention for the dogs, both for the aforementioned conditions, as well as for their persistent flea infestation, Ariel's skin condition, and their ear mites. While the two offenses admittedly have similar statutory language, based on the foregoing, it is fair to conclude that Taylor committed separate actions (or inactions) that constituted separately committed offenses. Since the issue of offenses being committed separately, "often hinges on whether there is a temporal or spatial separateness in the offenses," *State v. Vanausdal*, 3d Dist. Shelby No. 17-16-06, 2016-Ohio-7735, ¶ 14, we note that this

conduct took place over a period of time, with acts of both creating an unhealthy environment and of failing to recognize and treat ailments occurring at separate times.

{¶24} In addition, it is reasonable to conclude, based on a review of the record, that the offenses had a dissimilar import, in that there were separate identifiable harms. Taylor's actions in failing to maintain a safe environment for the dogs resulted in ailments such as whipworm and fly strike, as the veterinarian clearly explained. These caused ongoing pain and harm that were never addressed by acting to take the dogs to the vet, causing the dogs continuing suffering and, in the case of Igor, an extensive number of sores from fly strike that worsened over time. The dogs also suffered from additional ailments that may not have been the result of the act of maintaining unsafe conditions in the yard, but were the direct result of omitting care, such as the skin infection caused by Ariel's allergy to fleas and the pain suffered from the failure to obtain treatment for ear mites that the dogs had from around the time of birth. In other words, multiple harms were caused by the actions of Taylor. For these reasons, we find there were sufficient grounds to conclude that the offenses under Counts A through C should not merge with those under Counts D through F.

{¶25} Although Taylor's brief references the fact that the State initially agreed, during the trial, that the offenses should merge, he cites no particular error that arises from its change in position, nor are we aware of any authority for such a position.

{¶26} As to the remaining counts, G through I, the State concedes that they should merge, since they involved committing acts of cruelty, which constitutes the same conduct providing the basis for the other charges such as failing to provide a safe and healthy living environment for the dogs and failing to provide them adequate care, as discussed above. Essentially, R.C. 959.131(D) served to replace the offenses

8

contained in former R.C. 959.131(C), which were deleted when the statute was amended. The State explained below that it filed the Complaint for these separate counts solely for the purpose of ensuring the dates of the conduct were covered given the date the amendment went into effect. We agree with the State's concession as to this issue.

{¶27} For these reasons, we find that the trial court erred in failing to find that Counts G through I should merge with the remaining counts. As this court has held previously, it is proper to remedy an error in merging offenses by modifying the trial court's judgment to merge the charges and vacate the improper sentence, as this provides "'an equitable, economical, and efficient remedy.'" *State v. Banks*, 11th Dist. Lake No. 2012-L-110, 2013-Ohio-3865, ¶ 56, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 30. As such, we hold that the lower court's judgment is modified to merge Counts G through I with the remaining counts and vacate the sentence for these three counts.

{¶28} The sole assignment of error is with merit, in part.

{¶29} For the foregoing reasons, the judgment of the Willoughby Municipal Court is affirmed in part and affirmed as modified in part. Costs to be taxed against the parties equally.


CYNTHIA WESTCOTT RICE, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


_____


9

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


{¶30} I respectfully dissent and would merge all the counts maintaining just one per animal. Human neglect and abuse of animals is always tragic, but these 9 counts all titled "[c]ruelty to companion animals," under lesser included code sections are clearly allied, as the treatment was purely neglect, which happens all to often despite the good intentions of owners. The multiple charges will also inflate the costs of this action, inflicting further duplicative monetary burden on the defendants. I would merge all the counts under RC 959.131 and find the defendant guilty on only counts A-C.