OPINION
{¶ 1} Defendant, George Dunning, appeals from a judgment revoking his community control and imposing a twelve month prison term.
 {¶ 2} On September 15, 2005, Defendant was indicted on two fifth degree felony offenses, theft in violation of *Page 2 
R.C. 2913.02(A)(3), and passing bad checks in violation of R.C. 2913.11(A). Pursuant to a negotiated plea agreement, Defendant entered a plea of guilty to the passing bad checks charge in exchange for a dismissal of the theft charge. The trial court sentenced Defendant to five years of community control sanctions.
 {¶ 3} On June 22, 2007, a motion and affidavit was filed by Defendant's probation officer, Melissa Fallis, alleging that Defendant had violated the conditions of his community control, and requesting that a warrant be issued for Defendant's arrest. Defendant was subsequently arrested on the outstanding capias on November 22, 2007. On December 28, 2007, a hearing was held on the community control violations. Fallis did not appear or testify at that hearing.
 {¶ 4} John Cain of the Greene County Adult Probation Department testified that he began supervising Defendant on July 16, 2007. Prior to that time, Defendant was supervised by Fallis, who had filed the motion to revoke Defendant's community control based upon two violations: (1) Defendant's failure to report to his probation officer every Monday, and (2) Defendant's failure to make regular payments on his fines and court costs. According to Fallis' notes and entries in the probation department record, to which Cain testified over *Page 3 
Defendant's hearsay objection, Defendant had not reported since March 6, 2007. Cain testified that Defendant had not reported to him since he took over Defendant's supervision on July 16, 2007.
 {¶ 5} State's Exhibit 1, a record of Defendant's payments on his fine and court costs, was admitted into evidence without objection. That record demonstrates that Defendant last made a payment on December 15, 2006, and then made no further payments until November 27, 2007, after he was arrested on the outstanding capias for violating his community control sanctions. Defendant testified at the revocation hearing and admitted both violations of the conditions of his community control. After considering all of the evidence, the trial court revoked Defendant's community control and imposed a twelve month prison term on the passing bad checks charge.
 {¶ 6} Defendant timely appealed to this court from the revocation of his community control.
FIRST ASSIGNMENT OF ERROR
 {¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION IN REVOKING APPELLANT'S COMMUNITY CONTROL SUPERVISION WITHOUT HONORING HIS RIGHT TO CONFRONT AND CROSS EXAMINE ADVERSE WITNESSES."
 {¶ 8} Defendant argues that his due process rights to confront and cross-examine adverse witnesses was violated at *Page 4 
the revocation hearing because the probation officer who alleged that Defendant had violated the conditions of his community control, Melissa Fallis, did not appear or testify at the revocation hearing, Defendant's violations were based upon entries made in the probation department record by Fallis, and there was no showing or finding that Fallis was unavailable to testify, or that her absence from the hearing was excused for good cause.
 {¶ 9} The privilege of probation rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege. State v.Bell (1990), 66 Ohio App.3d 52. Substantial evidence must support the revocation of probation, State v. Mingua (1974), 42 Ohio App.2d 35, and a court's decision to revoke probation will not be disturbed on appeal absent an abuse of discretion. State v. Christian, Champaign App. No. 2000-CA-23, 2001-Ohio-1522. Minimum due process requirements must be followed in a probation revocation proceeding. Gagnon v. Scarpelli
(1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656. Those include providing the probationer with the right to confront and cross-examine adverse witnesses. Morrissey v. Brewer (1972), 408 U.S. 471,92 S.Ct. 2593, 33 L.Ed.2d 484. *Page 5 
 {¶ 10} The rules of evidence do not apply to probation revocation hearings, and therefore hearsay evidence is admissible in such a hearing. State v. Brewer (April 18, 1997), Montgomery App. No. 15157; Evid. R. 101(C)(3). Nevertheless, the admission of hearsay evidence at a probation revocation hearing can deny the probationer his due process right to confront and cross-examine adverse witnesses. Id; Columbus v.Bickel (1991), 77 Ohio App.3d 26. In State v. Miller (1975),42 Ohio St.2d 102, the Ohio Supreme Court held:
 {¶ 11} "Where at a probation revocation hearing the trial court permits a probation officer who did not prepare the entries in the probation department record to testify as to the contents of that record and the probation officer who prepared the entries does not appear, there is a denial of the probationer's right to confront the witnesses against him, and, where the record does not show that the probation officer who prepared the entries was unavailable or that a specific finding was made of good cause for not allowing confrontation, there is a denial of the minimum requirements of due process of law required for probation revocation proceedings. (Morrissey v. Brewer, 408 U.S. 471,92 S.Ct. 2593, 33 L.Ed.2d 484, and Gagnon v. Scarpelli, 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 656, followed.)" *Page 6 
 {¶ 12} The State concedes in this appeal that there was no finding made regarding the availability of Defendant's original probation officer, Melissa Fallis, or that good cause was shown for her absence and for not allowing Defendant to confront her. Thus, Defendant's due process rights to confront and cross-examine adverse witnesses was violated in this case. Miller. However, we conclude that the hearsay evidence, Fallis' notes and the entries she made in the probation department record, were not critical to the trial court's determination that Defendant had violated the conditions of his community control. Other, independent, substantial evidence exists that Defendant violated the terms of his community control.
 {¶ 13} John Cain testified that even after he took over supervision of Defendant on July 16, 2007, Defendant failed to report as required by general condition twelve of the rules of probation. Furthermore, after Cain took over Defendant's supervision, Defendant made no payments on his fine and court costs as required by general condition seventeen of the rules of probation, until after he had been arrested for violating the conditions of his community control. Additionally, Defendant testified at the revocation hearing and he admitted violating the conditions of his community control. Therefore, *Page 7 
because substantial evidence supports the trial court's finding in this case that Defendant violated the terms of his community control, and that evidence is independent of Fallis' entries in the probation department record and includes Defendant's own admissions, the violation of Defendant's due process right to confront and cross-examine Fallis constitutes harmless error. Christian. The trial court did not abuse its discretion in revoking Defendant's community control.
 {¶ 14} Defendant's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 15} "APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL FAILED TO OBJECT TO THE STATE'S DECLINATION TO PRESENT ITS PRIMARY ADVERSE WITNESS AND LIKEWISE FAILED TO ATTEMPT TO DISCOVER OR SUBPOENA SAID WITNESS."
 {¶ 16} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must demonstrate that were it not *Page 8 
for counsel's errors, there is a reasonable probability that the result of the trial would have been different. Id.; State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 17} Defendant argues that his counsel performed in a deficient manner because he failed to object to the State's failure to present Defendant's original probation officer, Melissa Fallis, as a witness at the probation revocation hearing, and counsel further failed to attempt to procure Fallis' attendance at that hearing.
 {¶ 18} Because we concluded in the previous assignment of error that the violation of Defendant's due process right to confront and cross-examine adverse witnesses in this case, Fallis, was harmless error, and that there exists substantial, independent evidence that Defendant violated the conditions of his community control, including his own admissions, Defendant cannot demonstrate the prejudice required by Strickland: that but for his counsel's failure to procure Fallis' attendance at the revocation hearing, there is a reasonable probability that the outcome of that proceeding would have been different. Ineffective assistance of counsel has not been demonstrated.
 {¶ 19} Defendant's second assignment of error is overruled. The judgment of the trial court will be affirmed.
 DONOVAN, P.J. And WOLFF, J., concur. *Page 1