[Cite as *State v. Kidd*, 2012-Ohio-6094.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| V. | ) | CASE NO. 11-BE-33 |
| | ) | |
| DOROTHY KIDD, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Western Division
                             Court of Belmont County, Ohio
                             Case No. 11CRB00104

JUDGMENT:                     Affirmed

APPEARANCES:
For Plaintiff-Appellee        Chris Berhalter
                             Prosecutor
                             Helen Yonak
                             Assistant Prosecutor
                             147 West Main Street
                             St. Clairsville, Ohio 43950

For Defendant-Appellant       Atty. Rebecca L. Bench
                             23 Driggs Lane
                             Bridgeport, Ohio 43912

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: December 21, 2012

DONOFRIO, J.

{¶1} Defendant-appellant, Dorothy Kidd, appeals from a Belmont County Western Division Court judgment issuing terms of her probation following her conviction on two counts of cruelty against companion animals.

{¶2} On March 15, 2011, the Belmont County Dog Warden filed a complaint against appellant charging her with two counts of cruelty against companion animals, second-degree misdemeanors in violation of R.C. 959.131(C)(2), for negligently confining her dogs and depriving them of food and water. The record is not entirely clear but it appears as though these charges related to two beagles, one of which was found dead at appellant's home, and which appellant kept indoors. Appellant entered a not guilty plea.

{¶3} Apparently, at the time appellant was charged, the dog warden also seized two outdoor dogs (German Shepherds) and a rabbit, although no charges were filed as to these animals.

{¶4} Appellant later changed her plea to guilty. The court found appellant guilty and sentenced her to 60 days in jail on each of the two counts, all suspended, with consent of plaintiff-appellee, the State of Ohio, on several conditions. Among the conditions were that appellant pay the court costs, not own or possess any animals maintained outdoors, not violate any statute involving the care or possession of domestic animals, and allow the Belmont County Animal Shelter to enter onto and into her premises to inspect and evaluate the condition of appellant's indoor animals. The court set a hearing on the issue of whether appellant's two German Shepherds and one rabbit should be returned to her care.

{¶5} At the outset of the hearing, the court noted that if it were to allow the return of the two German Shepherds and the rabbit it would be an exception to the term of her probation that she not otherwise own or possess any animals to be maintained outdoors. The court then listened to statements by the prosecutor, defense counsel, the dog warden, and appellant. The court then issued a judgment entry finding that based on the condition in which the animals were found on the date of seizure, appellant's neglect as to food, water, and other care was indicative of her

inability to provide proper care for the animals. Therefore, the court found that possession of the animals would fall within appellant's probation condition that she not own or possess any outdoor animals. Consequently, the court ordered that the animals remain in the possession of the Belmont County Animal Rescue League and be subject to proper placement in the agency's discretion.

{¶6} Appellant filed a timely notice of appeal on September 27, 2011.

{¶7} Appellant's appointed counsel has filed a no merit brief and request to withdraw pursuant to *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (1970). In *Toney*, this court set out the procedure to be used when appointed counsel finds that an indigent criminal defendant's appeal is frivolous.

{¶8} The procedure set out in *Toney*, at the syllabus, is as follows:

3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

\* \* \*

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of

the trial court should be affirmed.

{¶9} This court informed appellant that her counsel filed a *Toney* brief. Appellant did not file a pro se brief. Likewise, the state did not file a brief.

{¶10} Appellant did not file a notice of appeal from the judgment entry convicting her and entering her sentence. She only filed a notice of appeal from the judgment entry defining the scope of her probation terms by ordering that her animals not be returned to her as to do so would violate the term of her probation barring her from possessing any outside animals. Thus, our review is limited to examining whether the trial court properly imposed this term of appellant's probation.

{¶11} A trial court has broad discretion in determining the conditions of probation and an appellate court will not reverse these conditions absent an abuse of discretion. *State v. Jones*, 49 Ohio St.3d 51, 52, 550 N.E.2d 469 (1990). Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶12} When examining probation conditions, a court should consider whether the condition "(1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *Jones*, 49 Ohio St.3d at 53.

{¶13} Several courts, including this court, have found that it is a proper condition of probation to order a person convicted of cruelty to animals to forfeit other animals and not just the animals that were the subjects of the charges. See *State v. Brooks*, 9th Dist. No. 07 CA 0111-M, 2008-Ohio-3723 (trial court did not abuse its discretion in ordering the forfeiture of the defendant's dogs and cats when he had been convicted of cruelty only to his horses); *State v. Hale*, 7th Dist. No. 04-MO-14, 2005-Ohio-7080 (trial court did not abuse its discretion when imposing the sanction of forfeiting all but one dog, even though not all dogs were the subjects of the animal cruelty charges since the conditions of probation were related to the underlying

offense and served the ends of rehabilitation); *State v. Sheets*, 112 Ohio App.3d 1, 677 N.E.2d 818 (4th Dist.1996) (trial court did not abuse its discretion in ordering, as a condition of the defendant's probation, forfeiture of all 122 horses although the defendant was only convicted of cruelty to ten of the horses).

**{¶14}** Based on the above case law, the trial court acted within its discretion in ordering appellant to forfeit the two German Shepherds and the rabbit. Thus, after conducting an independent review of the proceedings in the trial court, we find that there are no non-frivolous issues for review.

**{¶15}** For the reasons stated above, the trial court's judgment is hereby affirmed. Counsel's motion to withdraw is granted.

Waite, P.J., concurs.

DeGenaro, J., concurs.