[Cite as *State v. Wolfe*, 2022-Ohio-2921.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

WYATT WOLFE,

Defendant-Appellant.

Case No. 21CA5

DECISION AND JUDGMENT ENTRY

**RELEASED: 08/17/2022**

---

APPEARANCES:

Max Hersch, Assistant State Public Defender, Office of the Ohio Public Defender, Columbus, Ohio, for Appellant.

Lisa A. Eliason, Athens City Law Director, and Tracy W. Meek, Athens City Prosecutor, Athens, Ohio, for Appellee.

---

Wilkin, J.

{¶1} This is an appeal from an Athens County Municipal Court judgment imposing a two-year community-control sanction after the jury convicted appellant, Wyatt Wolfe, of cruelty to animals.[1] Wolfe in a single assignment of error challenges the trial court's order granting the state's request for the forfeiture of the abused dog, Echo, to the Athens County dog shelter.

{¶2} Wolfe maintains the forfeiture order must be vacated because Echo is property and thus, in order for the forfeiture to be valid, the state was required to follow the procedures for the forfeiture of property in R.C. Chapter 2981. This includes filing a forfeiture specification with the complaint and demonstrating by

---

[1] The trial court referred to the sentence as probation, but pursuant to the statutory language in R.C. 2929.25, community-control sanction is the appropriate term.

clear and convincing evidence that forfeiture was proper. Further, Wolfe argues the trier of fact was required to render the determination on whether forfeiture was proper or not. In the case at bar, however, the trial court at sentencing granted the state's request for forfeiture which he claims was improper.

{¶3} We overrule Wolfe's arguments and conclude that the trial court had the authority to order Echo's forfeiture pursuant to R.C. 959.99(D). Echo is the subject of Wolfe's cruelty and the property forfeiture provisions in R.C. Chapter 2981 are inapplicable. Further, the trial court did not abuse its discretion ordering the forfeiture of Echo as a community-control condition. The forfeiture of Echo is reasonably related to rehabilitate Wolfe, to the crime committed by Wolfe, and to future criminality by preventing Wolfe from physically abusing Echo.

FACTS AND PROCEDURAL BACKGROUND

{¶4} On January 19, 2021, Torri Brown, a preschool teacher with Athens Head Start, was at Wolfe's residence to aid his daughter with her school work. Ms. Brown has been going to the residence once a week to aid Wolfe's daughter and is familiar with the family dog, Echo, a one year and nine-month-old female Staffordshire Terrier. Normally when Wolfe is present, Echo is in the crate and that day was no exception. Midway during the lesson, Ms. Brown and Wolfe realized that Echo "pooped" in the crate. This is when Wolfe

> became very angry, jumped up, he went and got a bag, something to clean up the poop in the cage. He was calling the dog a stupid fucking bitch for pooping in the cage. He cleaned it up, went back to the kitchen to discard it. He came back and he was very angry and said I'm gonna fucking kill you, kicked the cage, opened the cage, pulled her out by the fur on the back of her neck and struck her several times in the head and neck area with h[is] fist, and then he kicked her a few times and shoved her back into the cage, and the

dog immediately re[t]reated back in the far back corner head down cowering.

{¶5} Ms. Brown felt uncomfortable and intimidated with Wolfe punching Echo with a closed fist and kicking her in the torso but continued with the lesson. She felt the violence was more than necessary which prompted Ms. Brown to report the incident to children services and the dog shelter.

{¶6} Deputy Ryan Gillette, a detective with Athens County Sheriff's Office assigned to the dog shelter, received the report and met with Ms. Brown to question her regarding the incident. He then went to Wolfe's residence. Wolfe admitted to Deputy Gillette to physically punishing the dog but denied abusing Echo. Deputy Gillette seized Echo and on the way to his vehicle, in the yard of the apartment complex, Echo "pooped at least a minimum of three times in three different areas and urinated several times before putting it in the vehicle."

{¶7} Echo was examined by veterinarian Marshall Aanestad at the Athens Veterinary Clinic. The medical exam did not reveal evidence of abuse, but Dr. Aanestad opined that abuse is still possible even with lack of physical evidence.

{¶8} Based on Ms. Brown's report of the incident, a complaint of cruelty to animals in violation of R.C. 959.13(A)(1) was filed against Wolfe. The matter proceeded to a jury trial with Ms. Brown, Deputy Gillette and Dr. Aanestad testifying on behalf of the state. Wolfe did not present any evidence. The jury returned a guilty verdict and the trial court proceeded to sentencing.

{¶9} At sentencing, the prosecutor indicated that the state's "interest is in the dog, and we request the dog be immediately forfeited to the Athens County dog shelter permanently[.]" Wolfe, through his counsel, expressed his desire to

have Echo returned to him.  Wolfe's counsel also argued for a suspended sentence.

**{¶10}** The trial court granted the state's request for the forfeiture of Echo to the dog shelter and acquiesced to Wolfe's petition for a suspended sentence. The trial court imposed a 30-day jail sentence and $500 fine, both suspended on the condition that Wolfe does not commit any further violation of the law for two years.  Further, the trial court ordered that Wolfe "not have any companion animals during the period of probation."  The judgment of conviction entry is now before us for review.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY ORDERING FORFEITURE
AFTER THE CITY FAILED TO FOLLOW THE PROCEDURES
REQUIRED BY REVISED CODE CHAPTER 2981.

**{¶11}** Wolfe asserts that Echo is property and for the forfeiture of property, the procedures in R.C. Chapter 2981 must be followed.  And in this case, Wolfe claims the state failed to follow the procedures and give proper notice of the forfeiture specification in the complaint per R.C. 2941.1417.  The state also failed to demonstrate by clear and convincing evidence that Echo is subject to forfeiture pursuant to R.C. 2981.04(B).  Wolfe additionally argues that pursuant to R.C. 2981.04(B), the jury was required to determine whether Echo was subject to forfeiture, which did not occur here.  Rather, the trial court included the forfeiture in the sentence without any determination by the fact finder that Echo was subject to forfeiture.

{¶12} The state disagrees with Wolfe's characterization of Echo as property subject to forfeiture pursuant to R.C. Chapter 2981. The state maintains Echo is not contraband, not proceeds through the commission of an offense, and is not an instrumentality as defined in R.C. 2981.02(A). Echo is the victim of Wolfe's criminal assault, and forfeiture of animals is a reasonable term of community-control sanction for a violation of cruelty to animals. Therefore, R.C. Chapter 2981 does not apply in cases involving the forfeiture of animals.

{¶13} In response, Wolfe claims an animal is an instrumentality under R.C. 2981.02(A)(1)(ii), because cruelty to animals cannot be committed without the presence of the animal. According to Wolfe, "by its plain text, Chapter 2981 constrains R.C. 959.99(D)," and "if the legislature wished to exclude the forfeiture provision of R.C. 959.99(D) from the sweep of Chapter 2981, it could have done so expressly."

ANALYSIS

{¶14} Wolfe was found guilty of committing cruelty to animals in violation of R.C. 959.13(A)(1) that provides: "No person shall * * * unnecessarily or cruelly beat" an animal. A violation of

> division (A) of section 959.13 or section 959.21 of the Revised Code is guilty of a misdemeanor of the second degree. In addition, the court may order the offender to forfeit the animal or livestock and may provide for its disposition, including, but not limited to, the sale of the animal or livestock.

R.C. 959.99(D).

{¶15} Wolfe faced a maximum jail term of 90 days for his second-degree misdemeanor offense. R.C. 2929.24(A)(2). The trial court imposed a 30-day jail-

time sentence but suspended it and imposed a two-year community-control

sanction and included the following conditions:

> The dog, Echo, shall be forfeited to the shelter. Defendant shall pay the care fees of $780 with credit for the bond already posted for that purpose. Defendant shall not have any companion animals during the period of probation.

{¶16} In misdemeanor cases, a trial court has broad discretion in imposing

community-control conditions per R.C. 2929.27(C), and we therefore, "review the

trial court's imposition of community control sanctions under an abuse of

discretion standard." *State v. Marcum*, 4th Dist. Hocking Nos. 11CA8 and

11CA10, 2012-Ohio-572, ¶ 8.  An abuse of discretion "is more than a mere error

of law or judgment; it implies that a trial court's decision was unreasonable,

arbitrary or unconscionable." *State v. Martin*, 151 Ohio St.3d 470, 2017-Ohio-

7556, 90 N.E.3d 857, ¶ 27, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217,

219, 450 N.E.2d 1140 (1983).

{¶17} Wolfe, however, does not challenge the trial court's forfeiture order

as being unreasonable, arbitrary or unconscionable.  Rather, he maintains the

order should be vacated because Echo is personal property as defined in R.C.

955.03.  By designating Echo as property, Wolfe argues Echo is an

instrumentality subject to forfeiture per R.C. 2981.02:

> (A) (1) The following property is subject to forfeiture to the state or a political subdivision under either the criminal or delinquency process in section 2981.04 of the Revised Code or the civil process in section 2981.05 of the Revised Code:
> (c) An instrumentality that is used in or intended to be used in the commission or facilitation of any of the following offenses when the use or intended use, consistent with division (B) of this section, is sufficient to warrant forfeiture under this chapter:
> * * *

(ii) A misdemeanor, when forfeiture is specifically authorized by a section of the Revised Code or by a municipal ordinance that creates the offense or sets forth its penalties[.]

R.C. 2981.02(A)(1)(c)(ii).

{¶18} Wolfe consequently asserts that Echo cannot be subject to forfeiture unless "the complaint * * * charging the offense or municipal violation, * * * contains a specification of the type described in section 2941.1417 of the Revised Code[.]"  *See* R.C. 2981.04(A)(1).

{¶19} "When interpreting statutes and their application, an appellate court conducts a de novo review, without deference to the trial court's determination." *State v. Blanton*, 2018-Ohio-1278, 110 N.E.3d 1, ¶ 50 (4th Dist.), citing *State v. Sufronko*, 105 Ohio App.3d 506, 664 N.E.2d 596 (4th Dist.1995).  In the matter at bar, the trial court did not make a determination since Wolfe raises the issue for the first time on appeal.

{¶20} Our review of the language in R.C. 2981.02(A)(1)(c)(ii) and caselaw, leads us to but one conclusion: animals who are subject to cruelty are victims and their forfeiture is proper as a sentence pursuant to R.C. 959.99(D).  Wolfe fails to cite to any case that has applied the property forfeiture provisions to animals subject to cruelty.  We, likewise, are unable to locate any case that applied the definition of property as an instrumentality per R.C. 2981.02(A)(1)(c)(ii) to animals subject to abuse.[2]  The caselaw, however, demonstrates that animals subject to cruelty are victims.

---

[2] The cases we reviewed regarding the forfeiture of property as instrumentality demonstrate that the property forfeited was used as a tool to commit the offense, a means to an end.  Echo, on the other hand, was not used as a tool to commit cruelty to animals; rather, Echo is the victim.

> While companion animals may be considered personal property, R.C. 959.131(C) creates a chargeable offense against any person who negligently commits an act of cruelty against a companion animal. Accordingly, a companion animal is the victim of a defendant's conduct under R.C. 959.131, much as a person may be the victim of a defendant's conduct under R.C. 2903.13 (assault) or R.C. 2919.25 (DV).

*State v. Helmbright*, 10th Dist. Franklin Nos. 11AP-1080 and 11AP-1081, 2013-Ohio-1143, ¶ 36.

{¶21} The Tenth District went further in *Helmbright* and affirmed his multiple convictions of cruelty against companion animals because "a separate animus existed for each animal defendant harmed by his conduct.  As such, the trial court properly refused to merge defendant's convictions under R.C. 2941.25."  *Id.* at ¶ 34.  *See also State v. Taylor*, 11th Dist. Nos. 2018-L-011 to 2018-L-018, 2018-Ohio-4729, ¶ 19 ("It has been repeatedly held that each companion animal is a separate victim for the purposes of merger.")

{¶22} As the *Helmbright* and *Taylor* cases demonstrate, Echo is the victim of Wolfe's physical cruelty and is subject to forfeiture as a condition of community control.  Echo is not an instrumentality to cruelty to animals and we decline to take the legal leap Wolfe is advocating for and hold otherwise.  Although not argued by Wolfe, we will nonetheless review the forfeiture of Echo and determine whether it was an appropriate condition of community control.  We conclude that it is.  The Supreme Court of Ohio held that when

> determining whether a condition of probation is related to the "interests of doing justice, rehabilitating the offender, and insuring his good behavior," courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future

criminality and serves the statutory ends of probation. (Citation omitted.)

*State v. Jones*, 49 Ohio St.3d 51, 53, 550 N.E.2d 469 (1970).

{¶23} In *State v. Sheets*, we addressed a similar issue and held that the forfeiture of an animal is an appropriate condition of a community-control sanction:

> The probationary conditions that appellant challenges certainly have a relationship to the crime of which he was convicted. Appellant failed to properly feed his horses and the probationary conditions prohibit him from owning or possessing horses. The conditions also relate to future criminality by preventing appellant from being in a position, as owner or possessor of a horse, where he would be responsible for the animal's feeding. Finally, the conditions relate to rehabilitation by impliedly permitting appellant to own and possess horses in the future. We therefore find that the trial court did not abuse its discretion in its formulation of conditions for appellant's probation.

112 Ohio App.3d 1, 9, 677 N.E.2d 818 (4th Dist.1996).

{¶24} We disagree with Wolfe that we should not apply our prior holding in *Sheets* since it was decided "a decade before Chapter 2981 was enacted." Our decision in *Sheets* affirming the forfeiture of animals as a condition of community-control sanction is in accord with other recent appellate district court decisions. In *State v. Kidd*, the Seventh District Court of Appeals held:

> Several courts, including this court, have found that it is a proper condition of probation to order a person convicted of cruelty to animals to forfeit other animals and not just the animals that were the subjects of the charges. See *State v. Brooks*, 9th Dist. No. 07 CA 0111-M, 2008-Ohio-3723 (trial court did not abuse its discretion in ordering the forfeiture of the defendant's dogs and cats when he had been convicted of cruelty only to his horses); *State v. Hale*, 7th Dist. No. 04-MO-14, 2005-Ohio-7080 (trial court did not abuse its discretion when imposing the sanction of forfeiting all but one dog, even though not all dogs were the subjects of the animal cruelty charges since the conditions of probation were related to the

underlying offense and served the ends of rehabilitation); *State v. Sheets*, 112 Ohio App.3d 1, 677 N.E.2d 818 (4th Dist.1996) (trial court did not abuse its discretion in ordering, as a condition of the defendant's probation, forfeiture of all 122 horses although the defendant was only convicted of cruelty to ten of the horses).

Based on the above case law, the trial court acted within its discretion in ordering appellant to forfeit the two German Shepherds and the rabbit.

7th Dist. Belmont No. 11-BE-33, 2012-Ohio-6094, ¶ 13-14.

{¶25} More recently, the Eleventh District Court of Appeals reiterated the trial court's authority to order the forfeiture of an animal that was the subject of cruelty:

Further, regarding the continued seizure of her dog, Thompson was ultimately able to refute any abuse through the trial and argue that the dog should be returned during sentencing. The trial court found Thompson guilty of Cruelty to Animals and then, as part of its sentence, placed her on one year of probation and ordered that all of the animals seized be forfeited. This court has held that a trial court "has the authority to order the confiscation of any animal following a conviction for cruelty to animals." *State v. Bartlett*, 11th Dist. Trumbull No. 96-T-5459, 1997 WL 269188, *3 (May 2, 1997). * * * Although Thompson did not have an initial hearing regarding the seizure of her dog, the court ultimately removed it from her custody and was entitled to do so under the law.

*State v. Thompson*, 11th Dist. Trumbull No. 2018-T-0081, 2019-Ohio-4835, ¶ 47.

{¶26} Wolfe punched and kicked Echo several times.  The forfeiture of Echo is related to Wolfe's conduct and would prevent Wolfe from committing physical cruelty against Echo in the future.  Finally, the condition that Wolfe not have companion animals during the two-year community-control sanction relates to his rehabilitation that in the future he can possess them.[3]  We therefore find

---

[3] Wolfe does not dispute the validity of this community-control condition on appeal.

that the trial court did not abuse its discretion in ordering the forfeiture of Echo at sentencing. Wolfe's assignment of error is overruled.

CONCLUSION

{¶27} Having overruled Wolfe's assignment of error, we affirm the trial court's judgment entry of conviction and sentence.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
         Kristy S. Wilkin, Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**